IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIRIAM CRYSTAL HERRERA, #56791-177, MOVANT, | § § § § | |
| v. | § § | CIVIL NO. 3:21-CV-3200-D-BK (CRIMINAL NO. 3:18-CR-006-D-9) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Miriam Crystal Herrera's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the § 2255 motion should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

## I. BACKGROUND

In 2019, Herrera pled guilty pursuant to a plea agreement to a superseding information charging possession with intent to distribute a controlled substance and was sentenced to 480 months imprisonment, the statutory maximum as capped by the plea agreement. Crim. Doc. 1478. Her direct appeal was dismissed as frivolous on June 10, 2020. Crim. Doc. 1697. On December 22, 2021, Herrera filed this § 2255 motion. Doc. 2. She later amended her § 2255 motion on the requested form. Doc. 5. She alleges ineffective assistance of counsel at sentencing and complains of structural errors and misleading information. Doc. 5 at 4-8. Herrera also filed a response addressing the application of the one-year statute of limitations.

Doc. 7. Afterwards, the Government filed a response opposing § 2255 relief and arguing the claims are untimely, procedurally defaulted, and meritless. Doc. 16. Herrera has filed a reply. Doc. 21.

Upon review, the Court concludes that Herrera's amended § 2255 motion is barred by the applicable limitations period. The § 2255 motion should therefore be **DISMISSED WITH PREJUDICE**.

## II. ANALYSIS

### A. The § 2255 Motion is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Herrera does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4), so the limitations period began to run when her judgment of conviction became final. *See* § 2255(f)(1). The Supreme Court has held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Here, the direct appeal was dismissed on June 10, 2020, *see* Crim. Doc. 1697, and Herrera did not petition for a writ of certiorari. Her judgment of conviction became final on Saturday, November 7, 2020—150 days after the appeal was dismissed and the time to file a certiorari petition expired. *See Clay*, 537 U.S. at 527; Misc. Order Addressing the Extension of Filing Deadlines, 594 U.S. __ (July 19, 2021) (extending the deadline to file any petition for a writ of certiorari due on or after March 19, 2020, and before July 19, 2021, to 150 days from the

date of the lower court judgment).¹ Thus, Herrera's § 2255 motion was due by Sunday, November 7, 2021, extended to Monday, November 8, 2021. *See* FED. R. CIV. P. 6(a). Herrera, however, did not file her original § 2255 motion until December 22, 2021—deemed filed at the earliest on December 17, 2021, when it was placed in the prison mail system addressed to this Court. Doc. 2-1 at 32 (copy of envelope addressed to this court and bearing BOP's internal mail stamp); *see* Rule 3(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use the jail/prison's mail system).

      Herrera avers that she executed and mailed her original § 2255 motion on November 6, 2021, two days before it was due in the district court. Doc. 2-1 at 7. Unfortunately, she mailed it to the Court of Appeals for the Fifth Circuit *not* the district court. The Fifth Circuit received the § 2255 motion on November 12, 2021, and promptly returned it to Herrera on November 15 with direction to file "the document directly with the district court." Doc. 17 at 42. On December 17, 2021, nearly a month later, Herrera mailed the § 2255 motion to the district court. Doc. 2-1 at 32. But the mailbox rule does not apply to her original § 2255 motion, which was mailed to the wrong court. *See United States v. Kirkham*, 367 F. App'x 539, 543 n.2 (5th Cir. 2010) ("[The mailbox rule announced in] *Houston v. Lack* applies to questions relating to the timing of a filing in a proper court; it does not address errors of mailing to an improper court."); *Sandifer v. Thaler*, No. 3:09–CV–01638–K, 2010 WL 92255, at *2 n. 2 (N.D. Tex. Jan. 6, 2010) (accepting magistrate judge's recommendation) (considering habeas petition filed on the earliest possible date on which it was placed it in the prison mail addressed to the district court not the court of

---

¹ The Supreme Court's Miscellaneous Orders relating to COVID-19 dated March 19, 2020, and July 19, 2021, are available on the Supreme Court's website at these links:
https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf
https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf (last accessed on April 11, 2023).

appeals).

Thus, Herrera's original § 2255 motion—deemed filed at the earliest on December 17, 2021—is untimely under § 2255(f)(1) absent equitable tolling.

### B. There is No Basis for Equitable Tolling

Herrera's filings, even when liberally construed in accordance with her *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control.") (emphasis in original). Even so, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "It 'applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Id* (citations omitted). And it does "not extend to what was, at best, a garden variety claim of excusable neglect*.*" *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Moreover, equitable tolling requires a litigant to pursue his rights with "reasonable diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). The courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (per curiam) (quoted case omitted). And unexplained delays do not show due diligence or rare and extraordinary

circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

At the outset, the Court notes that Herrera squandered the entire one-year period. She mailed her original § 2255, albeit to the wrong court, just two days before the limitations period expired. Leaving little margin for error, as Herrera did, was not only imprudent, but also plainly careless, especially being aware of the looming one-year deadline. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (per curiam). Herrera also mailed her § 2255 motion to the wrong court and her failure "was, at best, a 'garden variety' claim of excusable neglect, which is insufficient to justify application of the doctrine of equitable tolling." *Kirkham*, 367 F. App'x 539, 543. The untimely filing resulted from Herrera's own error in addressing the envelope to the Fifth Circuit, which lacked jurisdiction over her § 2255 motion. While the Fifth Circuit speedily alerted her of the mistake, Herrera delayed nearly another month before re-mailing the § 2255 motion to this Court.

Additionally, Herrera's other arguments in favor of equitable tolling are unpersuasive. She states that (1) she is a layperson with no legal training, (2) she exercised due diligence, and (3) no legal assistance is available to prisoner at FMC Carswell. Doc. 7 at 1-2; *see also* Doc. 5 at 18. Herrera explains that there are "no legal books in the 'law library'" but only six "law library computers" and "no help is given on [sic] learning how to use the very difficult system." Doc. 7 at 2. After searching for weeks, Herrera asserts that she was able to locate another inmate who had some "legal books and the Sentencing Commission Manual" that she was able to borrow and study at night with a book light. Doc. 7 at 2. Also Herrera mentions the COVID-19 pandemic and the nearly-two-year prison lock down, during which she ostensibly had "zero access to even the law library." Doc. 7 at 3.

Even under liberal construction, Herrera fails to demonstrate how the COVID-19

pandemic prevented her from timely filing her § 2255 motion. "Stated another way, she shows no causal link between the pandemic-related impediments identified in her response—intermittent lockdowns and limited access to the law library—and her inability to file the § 2255 motion. *See, e.g.*, *Nunez v. Danforth*, No. 1:20-CV-10230, 2021 WL 1063127, at *2 (S.D. N.Y. Mar. 18, 2021); *Young v. Mississippi*, No. 3:20-CV-736, 2021 WL 4190646, at *5 (S.D. Miss. Aug. 6, 2021). "[T]he mere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance.'" *Young*, 2021 WL 4190646, at *5; *see also United States v. Clay*, No. 2:20-236, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021). And courts have found that intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute "extraordinary circumstances" warranting equitable tolling. *See Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D-BK, 2022 WL 850041, at *2-3 (N.D. Tex. Feb. 22, 2022), *R. & R. adopted*, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (collecting cases and finding pandemic-related circumstances, including lockdowns and diminished library access, did not prevent filing of habeas petition).

Indeed, Herrera presents no evidence that diminished library access—or her inability to learn the electronic library available on the computers— "actually prevented" her from filing her § 2255 motion. Doc. 7. The § 2255 motion only requires a movant to state her grounds and identify specific facts supporting them, rather than to argue or cite case law. While it may have been harder for Herrera to prepare and mail the § 2255 motion, the pandemic-related measures did not prevent its filing. Thus, Herrera offers no evidence that "some extraordinary circumstance" stood in her way and prevented the filing of a timely § 2255. Even in the context of the COVID-19 pandemic, a movant must provide sufficient evidence to determine whether she exercised diligence during "all time periods—before, during and after the existence of the

COVID-19 pandemic." *Fitzgerald v. Shinn*, No. CV-19-5219, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020); *see also Clay*, 2021 WL 2018996, at *3 (collecting cases).

The record reveals that Herrera litigated a motion for release to home confinement and to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), during the pandemic, between June 2020 and July 2021. She not only filed the motion but also timely appealed the ruling and filed an appeal brief. Crim. Doc. 1694; Crim. Doc. 1695; Crim. Doc. 1699. Yet, apart from her conclusory allegations, Herrera does not detail the efforts, if any, that she made to file a timely § 2255 motion, either before or after the appellate court's affirmance of this Court's order on her § 3582 motion on July 22, 2021. Crim. Doc. 1769. Instead, as noted previously, Herrera waited until two days before the deadline to mail her § 2255 motion and, upon learning that she had mailed it to the wrong court, waited another month to rectify the error. Under these circumstances, Herrera offers no evidence or explanation to demonstrate her "reasonable diligence" in pursuing her habeas rights during the COVID-19 pandemic. *See Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019).

Further, extended periods of inactivity, as in this case, clearly indicate a lack of due diligence. Unexplained delays neither show due diligence nor rare and extraordinary circumstances. *See Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights." (quotation and quoted case omitted)). On this record, the Court thus concludes that Herrera did not pursue the habeas "process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Finally, neither Herrera's unfamiliarity with the law nor her *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se*

status are insufficient to equitably toll the statute of limitations). A limited education is a disability common to many incarcerated persons and, as such, it does not justify equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("It is irrelevant whether the unfamiliarity [with the law] is due to illiteracy or any other reason.").

In sum, Herrera has presented no facts suggesting that she diligently pursued her rights or that some extraordinary circumstance prevented her from timely filing her § 2255 motion. On this record, she has not met her burden to establish that equitable tolling is warranted in this case. *See Petty*, 530 F.3d 361, 365.

### III. CONCLUSION

For all these reasons, Herrera's motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

**SO RECOMMENDED** on April 24, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).