IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MIRIAM CRYSTAL HERRERA, §<br>#56791-177, §<br> §<br>Movant, §<br> §<br>VS. §<br> §<br>UNITED STATES OF AMERICA, §<br> §<br>Respondent. § | Civil Action No. 3:21-CV-3200-D-BK<br>(Criminal No. 3:18-CR-006-D-9) |

MEMORANDUM OPINION
AND ORDER

Movant Miriam Crystal Herrera ("Herrera") moves for relief from judgment under Fed. R. Civ. P. 60(b)(1), (b)(3), (b)(6), and (d)(3). Construing the motion as an unauthorized successive § 2255 motion to vacate sentence, the court dismisses the motion without prejudice for lack of jurisdiction.

I

Herrera was convicted of possession with intent to distribute a controlled substance and sentenced to 480 months' imprisonment. *United States v. Herrera,* No. 3:18-CR-006-D-9 (N.D. Tex. Aug. 2, 2019). Her direct appeal was dismissed. *United States v. Herrera,* No. 19-10925 (5th Cir. June 10, 2020). Herrera then moved to vacate her sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel at sentencing and on appeal, and complaining of structural errors and misleading information. The motion was barred by the one-year statute of limitations. *Herrera v. United States*, 2023 WL 3742348, at *1 (N.D. Tex. Apr. 24, 2023) (Toliver, J.), *rec. adopted*, 2023 WL 3743158 (N.D. Tex.

May 31, 2023) (Fitzwater, J.), *cert. of appealability denied*, 2023 WL 8618542 (5th Cir. Nov. 1, 2023) (per Douglas, J.).

Next, Herrera filed a second motion under § 2255, which was dismissed for want of jurisdiction as a successive application and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit. *Herrera v. United States*, 2024 WL 218964, at *2 (N.D. Tex. Jan. 19, 2024) (Fitzwater, J.). The Fifth Circuit also denied Herrera leave to file a successive application to raise the same claims alleged in this Rule 60 motion. *In re Herrera*, No. 24-10025 (5th Cir. Jan. 24, 2024).

In her present motion for relief of judgment, Herrera asserts new claims of fraud related to a no-knock search warrant for her home and associated Fourth and Sixth amendment claims. She alleges that the judge who signed the search warrant did not do so until the day after the warrant was executed by the officers and that defense counsel failed to investigate and move to suppress the evidence seized during the search of her home.

II

When a movant files a Rule 60 motion following the denial of an application for habeas relief, the court must first determine whether the movant is only seeking Rule 60 relief or is attempting to file a second or successive habeas. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019); *see also Preyor v. Davis*, 704 Fed. Appx. 331, 338-40 (5th Cir. 2017) (per curiam) (applying *Gonzalez* to motion seeking to reopen federal habeas proceedings under both Rule 60(d)(3) and 60(b)(6)). A motion styled under Rule 60 that raises new "claims" or attacks the district court's

merits-based resolution of prior habeas claims should be construed as a successive habeas application. *Gonzalez*, 545 U.S. at 531-32 & n.4 (finding that a Rule 60(b) motion advances a "claim" when it "add[s] a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*" (emphasis in original)). The *Gonzalez* Court gave three examples of motions that are in substance successive habeas petitions subject to pre-certification under 28 U.S.C. § 2244(b):

> first, a motion seeking leave to bring a new claim of constitutional error that was previously omitted due to "excusable neglect"; second, a motion seeking leave to present newly discovered evidence in support of a claim previously argued; and third, a motion seeking relief based on a subsequent change in substantive law.

*Jackson v. Lumpkin*, 25 F.4th 339, 340-41 (5th Cir. 2022) (citing *Gonzalez*, 545 U.S. at 530-31).

There are only narrow circumstances, however, in which a district court can entertain a Rule 60 motion in a habeas proceeding. As described in *Gonzalez*, a true Rule 60 motion is one that either (1) challenges only a procedural ruling of the habeas court that precluded a determination on the merits of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. *Gonzalez*, 545 U.S. at 532 & nn.4-5; *see also United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013). While "[f]raud on the federal habeas court is one example of such a defect [in the integrity of the federal habeas proceedings]," the Supreme Court noted "that an attack

based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5 (citations omitted).

Moreover, procedural defects "must be 'narrowly construed' when considering whether motions are subject to the limits on successive habeas petitions." *United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) (per curiam). "[M]otions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks." *Id*. (quoted case omitted). Stated another way, purported attacks on the integrity of the habeas proceedings cannot hinge substantively on a merits-based argument. *Id.*; *In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019) ("To bring a proper Rule 60(b) claim, a movant must show a non-merits-based defect in the district court's earlier decision on the federal habeas petition." (internal quotations & quoted case omitted)).

III

The arguments in Herrera's Rule 60 motion do not challenge the integrity of the federal habeas proceedings or the failure to reach the merits. The court determined that Herrera's § 2255 motion was time-barred and that she had failed to demonstrate her entitlement to equitable tolling. In her Rule 60 motion, Herrera challenges neither of these rulings. Nor does she raise a nonmerits issue that precluded a merits determination. Rather, Herrera presents new claims based on alleged Fourth and Sixth Amendment violations. She challenges the search warrant, alleges that the search warrant application and affidavit were

fraudulent, and contends that defense counsel rendered ineffective assistance in failing to investigate these issues. Thus Herrera's arguments are grounded in substance, not procedure, and "in effect ask[] for a second chance to have the merits determined favorably." *Preyor*, 704 Fed. Appx. at 340 (finding that motion under Rule 60(d)(3) and 60(b)(6) was properly treated as a successive habeas petition). Under these circumstances, Herrera's grounds do not qualify for Rule 60(d)(3) and 60(b) treatment.

Consequently, Herrera's motion under Rule 60(b) and (d)(3) is the equivalent of a second or successive application, which the court lacks jurisdiction to review absent authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) and (B) (before a petitioner may file a second or successive application in the district court, a three-judge panel of the appropriate court of appeals must determine whether the application makes the requisite prima facie showing).

Considering that the Fifth Circuit denied Herrera leave to file a successive application to raise the same claims as are alleged in her Rule 60 motion, a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer.

IV

Further, pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. Considering the rulings here, the court concludes that Herrera has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states

a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

\* \* \*

In sum, Herrera's motion for relief from judgment under Rule 60(b) and (d)(3) is construed as an unauthorized successive § 2255 motion and dismissed without prejudice for lack of jurisdiction to Herrera's seeking leave to file a successive application from the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3).

**SO ORDERED**.

August 5, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE